# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

NELLO QUAGLIANI

CRIMINAL COMPLAINT

CASE NUMBER: 99-2120-Bandstra

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about __an unknown date__ until on or about __January 22, 1998__, in Dade county, in the Southern District of Florida and elsewhere, the defendant did,

knowingly and intentionally combine, conspire, confederate, and agree, with others known and unknown, to import into the United States, from a place outside thereof, a Schedule I controlled substance, that is, MDMA or Ecstasy, in violation of Title 21, United States Code, Section 963.

I further state that I am a Special Agent and that this complaint is based on the following facts:

See Attached Affidavit.

Signature of Complainant
Joseph Kilmer
Drug Enforcement Administration

FILED by _____ D.C.
MAG. SFC.
JAN 2 6 1999
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

Sworn to before me, and subscribed in my presence,

January 26, 1999
Date
TED. E. [illegible]
UNITED STATES [illegible]

Name and Title of Judicial Officer

Miami, Florida
City and State

Signature of Judicial Officer

3/6

## AFFIDAVIT

I, Joseph F. Kilmer, being duly sworn, depose and state as follows:

1. I am a federal agent with the Drug Enforcement Administration (DEA), and have been so employed since May, 1984. I am currently assigned to the DEA's Miami Field Division.

2. This affidavit contains information provided for the purpose of establishing probable cause in support of a criminal complaint. Accordingly, it does not necessarily contain every fact known to me in connection with the subject matter it describes. The information contained in the affidavit is known to me through my own observations and from information provided by others, including other law enforcement officers.

3. On or about January 22, 1998, United States Customs Inspectors at Miami International Airport seized a parcel containing approximately 5,774 tablets of MDMA, a schedule I controlled substance commonly known as Ecstacy. The parcel was sent from an overseas location to a Miami, Florida residence. Testing at the DEA laboratory confirmed that the substance seized was MDMA.

4. In April, 1998, a cooperating source (CS) informed me that the individuals who sent the parcel of MDMA seized on or about January 22, 1998 were John Moya and NELLO QUAGLIANI. The CS stated that QUAGLIANI and Moya are large-scale distributors who send MDMA from Holland to the United States and elsewhere. The CS stated

that for several months prior to the debriefing, the CS had been dealing with QUAGLIANI and with Moya, and that both had provided the CS with large quantities of MDMA even before the January, 1998 seizure.

5. Between April and September, 1998, I recorded calls in which the CS contacted Moya while Moya was either in Holland or Spain. During these recorded telephone calls, Moya made statements reflecting his own involvement in the January, 1998 shipment of MDMA. Moya also made references to NELLO, understood by the CS to be NELLO QUAGLIANI which indicated QUAGLIANI's participation in the shipment as well as other shipments of MDMA.

6. On September 28, 1998, Moya traveled to Miami, Florida and met with myself and the CS in a Miami, hotel. During this meeting, Moya made statements acknowledging that he and QUAGLIANI were the suppliers of the shipment of MDMA seized on or about January 22, 1998. These discussions were recorded.

7. On September 28, 1998, Moya was placed under arrest. After agreeing to waive his rights, Moya admitted that QUAGLIANI was his partner for trafficking in MDMA, and further admitted that QUAGLIANI was his partner in the MDMA shipment seized in Miami on January 22, 1998.

FURTHER AFFIANT SAYETH NOT.

_____
JOSEPH F. KILMER, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this
26th day of _January_, 1999.

_____
UNITED STATES MAGISTRATE JUDGE