UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-21002-CR-SEITZ

21 U.S.C. § 963
21 U.S.C. § 846
18 U.S.C. § 1956(h)
21 U.S.C. § 853
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

NELLO QUAGLIANI,

Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in or about February, 1996, and continuing thereafter until in or about October 2000, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### NELLO QUAGLIANI,

did knowingly and intentionally combine, conspire, confederate, and agree with persons both known and unknown to the Grand Jury, to import into the United States from a place outside thereof, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4 Methylenedioxymethamphetamine (MDMA), also known as "ecstasy," in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Sections 963

and 960(b)(3).

## COUNT 2

Beginning in or about February 1996, and continuing thereafter until in or about September 2000, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NELLO QUAGLIANI,**

did knowingly and intentionally combine, conspire, confederate, and agree with persons both known and unknown to the Grand Jury, to possess with intent to distribute, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4 Methylenedioxymethamphetamine (MDMA), also known as "ecstasy," in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## COUNT 3

Beginning in or about February 1996, and continuing thereafter until in or about September 2000, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NELLO QUAGLIANI,**

did knowingly and willfully combine, conspire, confederate, and agree with persons both known and unknown to the Grand Jury, to knowingly transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments, that is, foreign currency in the form of Dutch Guilders, Swiss Francs, and German Marks, from a place inside the United States to a place outside of the United States, knowing that such transportation, transmission, and transfer was designed in whole

and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance or listed chemical (as defined in Section 102 of the Controlled Substances Act) punishable under the laws of the United States, and knowing that the monetary instruments involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 3 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendant has an interest pursuant to the provisions of Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

2. Upon conviction of any of the offenses alleged in Counts 1 and 2 of this Indictment, the defendant shall forfeit to the United States any property in which the defendant has an interest constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, as the result of such violation; and any property in which the defendant has an interest, which was used, or intended to be used, in any manner or part, to commit or facilitate the commission of such violation.

3. Upon conviction of the offense alleged in Count 3 of this Indictment, the defendant shall forfeit to the United States any property, real or personal, in which the defendant has an interest, involved in such offense or any property traceable to such property.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Sections 853(a)(1) and (a)(2).

A TRUE BILL

_____
FOREPERSON

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
DAVID S. WEINSTEIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NO. _____

vs.                             CERTIFICATE OF TRIAL ATTORNEY*

NELLO QUAGLIANI,        03-21002-CR-SEITZ
          Defendant.
_____/   Superseding Case Information:

**Court Division:** (Select One)

New Defendant(s)        Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

_X_ Miami   ___ Key West
___ FTL     ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   __No__
   List language and/or dialect _____

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days     _X_      Petty    ___
   II   6 to 10 days    ___      Minor    ___
   III  11 to 20 days   ___      Misdem.  ___
   IV   21 to 60 days   ___      Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No) __Yes__
   If yes:
   Magistrate Case No.   __99-2120-BANDSTRA__
   Related Miscellaneous numbers:  __00-899-CR-FAM(s)__
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? _X_ Yes ___ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Did this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes _X_ No

10. Did this case originate in the Narcotics Section, Miami? _X_ Yes ___ No

_____
DAVID S. WEINSTEIN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 749214

*Penalty Sheet(s) attached                                REV.10/29/03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Nello Quagliani

**Case No:** 03-21002 CR-SEITZ

Count #: 1

CONSPIRACY TO IMPORT MDMA

Title 21, United States Code, Section 963

* **Max. Penalty:** Twenty (20) years' imprisonment

Count #: 2

CONSPIRACY TO POSSESS WITH THE INTENT TO DISTRIBUTE MDMA

Title 21, United States Code, Section 846

* **Max. Penalty:** Twenty (20) years' imprisonment

Count #: 3

CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS

Title 18, United States Code, Section 1956

*__Max. Penalty:__ Twenty (20) years' imprisonment

Count #:

*__Max. Penalty:__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

No. _____

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ Florida _____

_____ Division

THE UNITED STATES OF AMERICA

vs.

NELLO QUAGLIANI,
Defendant.

## INDICTMENT

In violation of:

21 U.S.C. § 963
21 U.S.C. § 846
18 U.S.C. § 1956(h)
21 U.S.C. § 853
18 U.S.C. § 982

A true bill.

_____
Foreman

03-05 (MIA)

Filed in open court this _____ day,
of _____ Dec. _____ A.D. 2003

_____
Clerk

Bail, $ _____

Federal Grand Jury
Indictment Number
0305-mcn-0043