UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-CR-22002-PAS

UNITED STATES OF AMERICA

vs.

NELLO QUAGLIANI,

    Defendant.
_____/

## FACTUAL PROFFER

    The United States of America and Defendant Nello Quagliani (the "Defendant") agree that, had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

    In or around February 1996, the Defendant agreed with John Moya, John Velasquez, Fernando Luminati-Tonelli, and others, to import into the United States and distribute methylenedioxymethamphetamine (MDMA), also known as "ecstasy." The Defendant knew that MDMA was a controlled substance in the United States. The Defendant and his co-conspirators imported the MDMA from outside the United States, including from Amsterdam, Netherlands, to locations inside the United States, including Miami, Florida. During the same time period, the Defendant also agreed with co-conspirator Velasquez and others to launder the MDMA-distribution proceeds by trading foreign currencies. The Defendant and his co-conspirators continued to import and distribute MDMA, and launder the proceeds, at least through in or around October 2000.

    In total, the Defendant and his co-conspirators imported and distributed at least 200,000 MDMA pills in the Southern District of Florida and throughout the United States. To conceal and

disguise the nature, source, ownership, and control of the illegally obtained proceeds, the Defendant exchanged United States currency for foreign currencies, including, Dutch Guilders, Swiss Francs, and German Marks. For example, on January 25, 1997, the Defendant and co-conspirator Velasquez exchanged $40,400 for Swiss Francs. During that transaction, the Defendant provided a copy of his passport to verify his identity. In total, the Defendant laundered approximately $406,400 of United States currency during the Indictment period.

The information herein is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove the Indictment beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 5/12/23    By: _____
ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 5/12/23    By: _____
MICHAEL BRENNER
ASSISTANT UNITED STATES ATTORNEY

Date: 5/12/23    By: _____
ERIC M. COHEN
ATTORNEY FOR DEFENDANT

Date: 5/12/23    By: _____
JENNY WILSON
ATTORNEY FOR DEFENDANT

Date: 5/12/22    By: _____
NELLO QUAGLIANI
DEFENDANT

2