UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-CR-21002-PAS

UNITED STATES OF AMERICA

vs.

NELLO QUAGLIANI,

    **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Nello Quagliani (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Indictment, which charges the defendant with Conspiracy to Import a Controlled Substance, in violation of Title 21, United States Code, Section 963 (Count 1); Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846 (Count 2); and Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 3).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

1

sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that, on each count, the Court may impose a statutory maximum term of imprisonment of up to 20 years. The Court must also impose a statutory minimum term of supervised release of at least 3 years and may impose a statutory maximum term of up to life to follow the term of imprisonment on Counts 1 and 2. On Count 3, the Court may impose a maximum term of 3 years' supervised release. In addition to a term of imprisonment and supervised release, the Court may impose, on Counts 1 and 2, a fine of up to $1 million, and, on Count 3, a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater. The Court may also order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count of conviction, for a total of $300. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is

financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office and the defendant agree that the defendant is accountable for the imporation and distribution of 200,000 MDMA pills. Accordingly, this Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court find that the base offense level is 32. This Office and the defendant agree to jointly recommend that the Court impose a term of imprisonment of 120 months.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing

recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts 1 and 2 in the Indictment, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853; and

    b. any property, real or personal, involved in the commission of the offense alleged in Count 3 in the Indictment, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1)(A).

10. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and

voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. In the event the defendant withdraws from this Agreement prior to pleading guilty or breaches the Agreement before or after he pleads guilty to the charge identified in paragraph 1 above or otherwise fails to fully comply with any of the terms of this Agreement, this Office will be released from its obligations under this Agreement, and the Defendant agrees and understands that:

    a. The defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the Defendant as part of plea

5

discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by the Government; and

b. The defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to this Agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or this Office.

[INTENTIONALLY LEFT BLANK]

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 5/12/23            By: _____
                              ABBIE D. WAXMAN
                              ASSISTANT UNITED STATES ATTORNEY

Date: 5/12/23            By: _____
                              MICHAEL BRENNER
                              ASSISTANT UNITED STATES ATTORNEY

Date: 5/12/23            By: _____
                              ERIC M. COHEN
                              ATTORNEY FOR DEFENDANT

Date: 5/12/23            By: _____
                              JENNY WILSON
                              ATTORNEY FOR DEFENDANT

Date: 5/12/23            By: _____
                              NELLO QUAGLIANI
                              DEFENDANT